IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carlos Knox,<br><br>Plaintiff,<br><br>v.<br><br>Greenville County Department Public Safety, R. Hollister, Major McComb, Captain Norris, April Roberts, Lieutenant M. Mathis, LT. Brown, T. Stone, K. Spencer, Captain Roberts,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-02202-SAC-KFM<br><br>**OPINION AND ORDER** |

This matter is before the Court on a Motion for Preliminary Injunction and Temporary Restraining Order ("TRO") filed by Plaintiff, ECF No. 3, and a Report and Recommendation ("Report") of the Magistrate Judge, ECF No. 6. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings. For the reasons stated herein, the Court ACCEPTS the Report of the Magistrate Judge and DENIES Plaintiff's Motion.

## BACKGROUND

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. ECF No. 1. Specifically, Plaintiff complains of denial of medical treatment and alleged unconstitutional conditions of confinement. *Id*. With the Complaint,[1] Plaintiff filed a Motion for Preliminary Injunction and TRO, alleging inadequate

[1] Plaintiff mailed a letter to the Court detailing his claims, which was construed as a Complaint. *See* ECF No. 1. In his objections to the Report, Plaintiff states repeatedly that he has asked for "a § 1983 lawsuit pack" and states that he needs the complaint form provided by the Court in order to properly state his claims. ECF No. 8 at 2-3, 10-13. Out of an abundance of caution, to the extent Plaintiff wishes to file an amended complaint on the Court's standard form, the Clerk is directed to mail Plaintiff a § 1983 complaint form.

medical treatment, improper dorm placement, unlawful conditions of confinement, and denial of access to the grievance process. ECF No. 3. Plaintiff seeks an order requiring Defendant Captain Norris to provide him with treatment for Hepatitis B; prohibiting him from being housed in the "old jail" portion of the Greenville County Detention Center (the "Detention Center"); ordering Defendants Nurse Roberts, Lt. Mathis, Lt. Brown, and Sgt. Spencer to be fired; and requiring the Detention Center to respond and investigate Plaintiff's complaints under the Prison Rape Elimination Act ("PREA"). *Id.*

On June 5, 2026, the Magistrate Judge issued a Report recommending Plaintiff's Motion be denied for failure to show likelihood of success on the merits and failure to show irreparable harm. ECF No. 6. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 6. On June 23, 2026, the Clerk docketed Plaintiff's objections to the Report. ECF No. 8.

## STANDARD OF REVIEW

### I. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Because Plaintiff is proceeding *pro se*, this Court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally."). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 F. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

"To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the Court need only review for clear error "those portions which are not objected to — including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"); *Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was nonspecific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing

for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the Magistrate Judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

**II. Preliminary Injunctive Relief**

A plaintiff seeking a preliminary injunction or a TRO must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Frazier v. Prince George Cnty., Md.*, 86 F.4th 537, 593 (4th Cir. 2023). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345-46 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010). Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20-23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346. Finally, the court must "pay particular regard to the public consequences of employing the extraordinary remedy of injunction." *Real Truth*, 575 F.3d at 347 (citation modified).

**ANALYSIS**

The Magistrate Judge recommends denying the Motion for Preliminary Injunction and TRO for failure to show a likelihood of success on the merits because (1) Plaintiff may not seek relief against the Greenville County Department of Public Safety ("SCDPS") because it is not a

person subject to suit under § 1983;[2] (2) the Complaint and Motion contain only collective allegations against groups of defendants; (3) any claims based on events which occurred in 2022 are untimely; (4) there is no private right of action under § 1983 to enforce a PREA violation; (5) Plaintiff is not entitled to the dorm or security classification of his choice, nor is he entitled to access to the grievance process; (6) Plaintiff has no standing to pursue criminal or disciplinary charges against the detainees who have harassed him; (7) Plaintiff does not allege how Defendant Captain Norris is responsible for alleged denial or medical treatment nor that Defendant Nurse Roberts should be aware of his allegedly falsified records;[3] (8) Plaintiff is not constitutionally entitled to an outside facility for medical treatment; and (9) Plaintiff's requested relief cannot be granted because federal courts do not sit to supervise state detention centers. ECF No. 6 at 2-5. The Magistrate Judge further concluded that Plaintiff has failed to allege irreparable harm by simply conclusorily asserting that he is dying. *Id*. at 5.

In his objections, Plaintiff generally reiterates the allegations in his Motion and Complaint and ignores the Magistrate Judge's analysis. *See generally* ECF No. 8. The Court will, however, address two of Plaintiff's objections.

[2] In his objections, Plaintiff clarifies that he did not intend to name the GCDPS as a separate defendant, but rather listed the caption as "my name, v. GCDPS followed by a colon . . . [then] I begin to list the staff and officer[]s I was filing suit against that **worked for** the GCDPS . . . [the court] conveniently left out the colon after the GCDPS, making it appear as the GCDPS was actually the first defendant being sued, instead of the agency the defendants worked for." ECF No. 8 at 2-3 (emphasis in original). For this reason, the Court directs the Clerk to alter the caption in this matter to remove GCDPS as a separately listed Defendant.

[3] In his objections, Plaintiff appears to argue for the first time that his lab reports are not falsified but rather show that he has an active Hepatitis B infection. ECF No. 8 at 8-10. To the extent this allegation by Plaintiff constitutes an objection to the Report, the objection is overruled, as it does not meaningfully address the Report's findings and recommendations.

## I. Deliberate Indifference

First, Plaintiff objects to the Magistrate Judge's findings concerning his claims based on alleged sexual assaults in the "old jail," arguing he was sexually assaulted and abused on December 8, 2025, and December 10, 2025, and that the assaults occurred because of the deliberate indifference of Defendant Captain Roberts. ECF No. 8 at 4. In the Report, the Magistrate Judge correctly explained Plaintiff cannot sue under § 1983 to enforce a PREA violation. *See* ECF No. 6 at 3; *see also Linder v. Tolson*, No. 9:24-cv-03159-JDA, 2024 WL 5320415, at *4 (D.S.C. Dec. 12, 2024) ("[F]or more than a decade, courts have held that there is no private cause of action under § 1983 to enforce a PREA violation"), *Report and Recommendation accepted by* 2025 WL 80512 (D.S.C. Jan. 13, 2025).

To the extent Plaintiff asserts a deliberate indifference/failure to protect claim under § 1983 based on these alleged incidents of sexual assault, this claim also fails because Plaintiff has not alleged Captain Roberts had actual knowledge of a substantial risk of harm to Plaintiff and disregarded that substantial risk. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (holding a prison official may be held liable for denying humane conditions of confinement "only if he knows the inmates face a substantial risk of serious harm and disregards that risk"); *Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (observing that "deliberate indifference" requires actual knowledge and disregard of a substantial risk of serious injury); *see also, e.g.*, *Al-Haqq v. James*, No. 2:21-cv-1721-DCC-MCB, 2022 WL 17156813, at *7 (D.S.C.) (dismissing a prisoner's claim that officials failed to protect him from sexual assault because there was no evidence the defendants had actual knowledge of a substantial risk of harm and disregarded that substantial risk), *Report and Recommendation accepted by* 2022 WL 17117090 (D.S.C. Nov. 21, 2022). Accordingly, Plaintiff's objections are overruled.

**II. Denial of Access to Grievance System**

Second, Plaintiff disagrees with the Magistrate Judge's characterization that he conceded he is not entitled to the grievance process and argues that because a grievance system was in place and his access was denied, this constitutes a violation of his Eighth Amendment right to protection from cruel and unusual punishment. ECF No. 8 at 6-7. Regardless of whether Plaintiff conceded this point or not, the Magistrate Judge is correct that he has no constitutional right to challenge lack of access to the prison grievance process. *See, e.g.*, *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, 417 F. App'x 317, 319 (4th Cir. 2011) ("As other circuits have recognized, there is no constitutional right to participate in grievance proceedings."). This objection is accordingly overruled.

**III. Plaintiff's Remaining Objections**

Finally, the Court concludes that Plaintiff's remaining objections, liberally construed, fail to address the Report's findings and recommendations. Nevertheless, out of an abundance of caution for the *pro se* party, the Court has conducted a *de novo* review of the entire Report, the record, and the applicable law.

**CONCLUSION**

Having thoroughly reviewed the Report and the record in this case, the Court accepts the Report and Recommendation of the Magistrate Judge on all grounds and incorporates it by reference. Accordingly, Plaintiff's Motion for Preliminary Injunction and TRO [ECF No. 3] is **DENIED**.

**IT IS SO ORDERED**.

United States District Judge

September 30, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.